# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| MICHAEL GRADY, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:19CV2012 NCC |
| JAMES GADDY, et al., | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff, a pretrial detainee, for leave to commence this action without payment of the required filing fee. Because plaintiff has a duplicative action currently pending in this Court, the Court will not assess a filing fee in this action. Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed as duplicative.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

As this action is duplicative of *Grady v. Gaddy*, No. 4:19-CV-1701 NCC (E.D.Mo.), the Court will not assess a filing fee in the current action.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 asserting violations of his civil rights. Plaintiff names as defendants two Assistant United States Attorneys (Michael Reilly and Dean Hoag), as well as a DEA Task Force Officer (James Gaddy). He asserts that his constitutional rights were violated when fabricated evidence was presented during grand jury proceedings in this Court, which ultimately led to an unlawful indictment and his pretrial detention. *See United States v. Grady*, No. 4:17-CR-95 RWS (E.D.Mo.).

Plaintiff filed the instant action in the United States District Court for the Southern District of Illinois on May 8, 2019. *See Grady v. Gaddy*, No. 3:19-CV-486 JPG (S.D.IL). The Honorable J. Phil. Gilbert transferred the instant action to this Court on July 15, 2019, finding that this Court was the more appropriate venue to review plaintiff's action.

## Discussion

On June 12, 2019, plaintiff filed an identical action in this Court against defendants James Gaddy, Michael Reilly and Dean Hoag. *See Grady v. Gaddy*, No. 4:19-CV-1701 NCC (E.D. Mo.). In the prior action currently pending in this Court, he is suing defendants for the same, or almost the same, causes of action as the present action. To conserve judicial resources, the Court will dismiss the present action as duplicative of the prior case in this District. Plaintiff will not be assessed a filing fee in this action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that no filing fee will be assessed in this action.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** as duplicative of *Grady v. Gaddy*, No. 4:19-CV-1701 NCC (E.D. Mo.).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 18th day of July, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE